# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL MARIO LAM,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION,<br><br>Defendant. | Case No. 1:23-cv-01167-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 9)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Miguel Mario Lam ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On October 27, 2023, the Court issued a screening order granting Plaintiff leave to file a second amended complaint or a notice of voluntary dismissal within thirty (30) days. (ECF No. 9.) The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice. (*Id.* at 7.) The deadline has expired, and Plaintiff has failed to file an amended complaint or otherwise communicate with the Court.

**II.    Failure to State a Claim**

**A.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C.

1 § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous
2 or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary
3 relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

4       A complaint must contain "a short and plain statement of the claim showing that the
5 pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
6 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
7 conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell
8 Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as
9 true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,
10 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

11       To survive screening, Plaintiff's claims must be facially plausible, which requires
12 sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
13 for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret
14 Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully
15 is not sufficient, and mere consistency with liability falls short of satisfying the plausibility
16 standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

17       **B.**     **Plaintiff's Allegations**

18       Plaintiff is currently housed at California State Prison, Corcoran California, where the
19 events in the first amended complaint appear to have occurred. Plaintiff named California
20 Department of Corrections and Rehabilitation ("CDCR") as the sole defendant.

21       Plaintiff alleges that on 7/14/22, he was released from administrative segregation, and the
22 property that Plaintiff was allowed to have was stolen by the property officer. The property
23 officer had Plaintiff sign for Plaintiff's property first, before being allowed to have it, and once
24 Plaintiff got it, he discovered several items were missing, Plaintiff immediately filed a 602 appeal
25 requesting that all his property be returned or he be reimbursed for it.

26       The defendant lied and stated that the 602 was time barred when the defendant is the
27 reason why Plaintiff is not given Plaintiff back his art work. Exh. A to the first amended
28 complaint. The items listed are art materials and on Avenal State Prison Handicraft order. These

1 are items that Plaintiff is allowed to have and were stolen.

2     As remedies, Plaintiff seeks money for the stolen items.

3     **C.**     **Discussion**

4     Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

5 state a cognizable claim under 42 U.S.C. § 1983.

6     **1.**     **Federal Rule of Civil Procedure 8**

7     Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain

8 statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

9 Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

10 of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678

11 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

12 claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

13 at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also*

14 *Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

15     Here, Plaintiff's complaint is short, but is not a clear statement. While "much liberality is

16 allowed in construing pro se complaints, a pro se litigant cannot simply dump a stack of exhibits

17 on the court and expect the court to sift through them to determine if some nugget is buried

18 somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable

19 claim." *Samtani v. City of Laredo*, 274 F. Supp. 3d 695, 698 (S.D. Tex. 2017). "The Court will

20 not comb through attached exhibits seeking to determine whether a claim possibly could have

21 been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a

22 claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-01063-PMP-GWF, 2011

23 WL 588485, at *2 (D. Nev. Feb. 9, 2011).

24     With respect to exhibits, while they are permissible if incorporated by reference, Fed. R.

25 Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).

26 The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve

27 only to confuse the record and burden the Court, or (2) they are intended as future evidence. If

28 this action reaches a juncture at which the submission of evidence is appropriate and necessary

(e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

## 2. Eleventh Amendment

Plaintiff has named CDCR as the sole defendant. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override. . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

As CDCR is immune under the Eleventh Amendment, Plaintiff cannot pursue claims for damages or injunctive relief against the State or CDCR in this action. Plaintiff's claim for monetary damages also is barred by the Eleventh Amendment.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The

4

Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff must name individual "persons" who purportedly violated Plaintiff's rights and must include factual allegations identifying what happened, when it happened, and who was involved. Fed. R. Civ. P. 8.

### 3. Property/Due Process

Insofar as Plaintiff also alleges that some unnamed officer wrongfully destroyed or stole his property, these allegations also are not sufficient to support a cognizable claim. Prisoners have a protected interest in their personal property. *Hansen v. May,* 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. *See Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)); *Quick v. Jones,* 754 F.2d 1521, 1524 (9th Cir. 1985). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533.

As Plaintiff alleges that the property was stolen, such conduct was an unauthorized deprivation of property. Due Process is satisfied if there is a meaningful post-deprivation remedy available to Plaintiff. *Id.* Plaintiff has an adequate post-deprivation remedy available under California law. *Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95). Therefore, Plaintiff fails to allege a cognizable due process claim for the alleged deprivation of his property.

### 4. No Right to Appeals Process

To the extent Plaintiff is complaining about his 602 grievances, a prison official's processing of an inmate's appeals, without more, cannot serve as a basis for Section 1983 liability. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a

"separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted), cert. denied, 541 U.S. 1063 (2004); *Shallowhorn v. Molina*, 572 F. App'x 545, 547 (9th Cir. 2014) (district court properly dismissed Section 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860); *Evans v. Cisneros*, No. 1:22-CV-01238 AWI BAM PC, 2023 WL 2696670, at *5 (E.D. Cal. Mar. 29, 2023) (no claim for failing to address appeals). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. *See also Givens v. Cal. Dep't of Corrs. & Rehab.*, No. 2:19-cv-0017 KJN P, 2019 WL 1438068, at *4 (E.D. Cal. Apr. 1, 2019) ("California's regulations grant prisoners a purely procedural right: the right to have a prison appeal.") Therefore, prison officials are not required by federal law to process inmate appeals or grievances in a particular way. Consequently, the failure or refusal to process a grievance or the denial, rejection, or cancellation of a grievance does not violate any constitutionally protected right. *See Rushdan v. Gear*, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018); *Givens*, 2019 WL 1438068, at *4.

**III.     Failure to Prosecute and Failure to Obey a Court Order**

    **A.     Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

6

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Discussion

Here, Plaintiff's second amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's October 27, 2023 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF No. 9, p. 7.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence

or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.     Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 15, 2023**                  /s/ *Barbara A. McAuliffe*         _
                                                                    UNITED STATES MAGISTRATE JUDGE